**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WESTAR ENERGY, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:09-CV-2059 JAR/DJW<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Westar Energy, Inc. ("Westar") answers the numbered paragraphs of Plaintiff's February 4, 2009 Complaint as follows:

### FIRST DEFENSE

### Nature of the Action

1. Answering paragraph 1, Westar denies that this action may be properly maintained under the Clean Air Act ("CAA") or the State Implementation Plan ("SIP") adopted by the State of Kansas and approved by the Environmental Protection Agency ("EPA") pursuant to the CAA. Westar further denies that Plaintiff is entitled to the relief it seeks.

2. Answering paragraph 2, Westar admits that it undertook certain component replacement projects at the Jeffrey Energy Center ("Jeffrey"), a coal-fired electric power plant in St. Marys, Pottawatomie County, Kansas, between 1994 and the present. The remaining allegations of paragraph 2 are denied.

3. Westar denies the allegations in paragraph 3.

4. Answering paragraph 4, Westar admits that sulfur dioxide ("$SO_2$"), nitrogen oxides ("$NO_x$"), and particulate matter ("PM") at a certain level of concentration are capable of

adversely impacting the environment and human health.  Westar also admits that $SO_2$ can interact with certain other chemicals to form sulfate aerosols.  Westar specifically denies that concentrations of $SO_2$, $NO_x$ and PM below the primary or secondary National Ambient Air Quality Standards ("NAAQS") causes harm to the environment or human health.  Westar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

      5.      Answering paragraph 5, Westar admits that $NO_x$ can react with other chemicals and sunlight to form ozone and photochemical smog.  Westar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

      6.      Answering paragraph 6, Westar admits that $SO_2$ and $NO_x$ can interact in the atmosphere with water and oxygen to form sulfuric and nitric acids, sometimes called acid rain.  Westar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6.

      7.      Answering paragraph 7, Westar admits that PM is a term for solid or liquid particles in the air and that PM of a diameter of 10 micrometers or less is sometimes referred to as $PM_{10}$.  Westar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

## Jurisdiction and Venue

      8.      Answering paragraph 8, Westar denies that the Court has subject matter jurisdiction over those claims for which Plaintiff has not given Westar appropriate and adequate notice under the CAA.

      9.      Answering paragraph 9, Westar admits that venue is proper in this district, but denies that such venue exists by virtue of 42 U.S.C. § 7413(b) or 28 U.S.C. § 1391(b) and (c).

**Notices**

10. Westar denies the allegations of paragraph 10.

11. Answering paragraph 11, Westar admits that 30 days elapsed between issuance of EPA's Notice of Violation and commencement of this civil action. Westar denies that such Notice of Violation complied with 42 U.S.C. § 7413.

**The Defendant**

12. Westar admits the allegations in paragraph 12, except to deny that its three electronic generating *boilers* at the Jeffrey Energy Center are "designated Jeffrey units one through three." Westar clarifies that each one of the three Jeffrey *units* one through three is comprised of a steam generating boiler, turbine, generator, electrostatic precipitator, and other components.

13. Westar admits the allegations in paragraph 13.

**Statutory and Regulatory Background**

14. Paragraph 14 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

    **A.**    **The National Ambient Air Quality Standards**

15. Paragraph 15 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

16. Paragraph 16 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

17.     The allegations of paragraph 17 consist of legal conclusions which require no response.  To the extent these allegations require a response, Westar denies them.

**B.     The Prevention of Significant Deterioration ("PSD") Requirements**

18.     Paragraph 18 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

19.     Paragraph 19 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

20.     Paragraph 20 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

21.     Paragraph 21 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

22.     Paragraph 22 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

23.     Paragraph 23 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required.  To the extent these allegations require a response, Westar denies them.

24. Paragraph 24 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

### C. Kansas SIP PSD Regulations

25. Paragraph 25 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

26. Paragraph 26 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

### D. Title V Operating Permits

27. Paragraph 27 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

28. Paragraph 28 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

29. Paragraph 29 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

30. Paragraph 30 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

31.     Paragraph 31 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

32.     Paragraph 32 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

33.     Paragraph 33 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

### Enforcement Provisions

34.     Paragraph 34 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

35.     Paragraph 35 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

36.     Paragraph 36 of the Complaint contains no allegations directed at Westar, but rather states legal conclusions to which no responsive pleading is required. To the extent these allegations require a response, Westar denies them.

### General Allegations

37.     The allegations of paragraph 37 consist of legal conclusions which require no response. To the extent these allegations require a response, Westar denies them.

### First Claim for Relief
### (PSD Violations)

38. Answering paragraph 38, Westar incorporates by reference its responses to paragraphs 1 through 37.

39. Answering paragraph 39, Westar admits that at various times it has conducted maintenance, repair or replacement activities at Jeffrey, including (1) replacement of the front reheater and lower final superheater on Jeffrey Unit 2 in 1994; (2) replacement of the final superheater on Jeffrey Unit 1 in 1995; (3) replacement of the front reheater and final superheater on Jeffrey Unit 3 in 1997; (4) replacement of the economizer on Jeffrey Unit 1 in 1999; and (5) replacement of the economizer on Jeffrey Unit 2 in 1999.  Westar denies all remaining allegations in paragraph 39.

40. Westar denies the allegations in paragraph 40.

41. Westar denies the allegations in paragraph 41.

42. Westar denies the allegations in paragraph 42.

### Second Claim for Relief
### (Title V Violations)

43. Answering paragraph 43, Westar incorporates by reference its responses to paragraphs 1 through 42.

44. Westar denies the allegations in paragraph 44.

45. Westar denies the allegations in paragraph 45.

46. Westar denies the allegations in paragraph 46.

All allegations of the Complaint not specifically admitted herein are denied.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

**FOURTH DEFENSE**

To the extent Plaintiff seeks to assert claims not included in its notice of intent to sue, the Court is without jurisdiction to hear those claims.

**FIFTH DEFENSE**

At all relevant times, the Jeffrey Energy Center has been in compliance with applicable provisions of the CAA, EPA's implementing regulations, the statutes and regulations of Kansas, and the requirements and conditions of applicable Kansas permits.

**SIXTH DEFENSE**

If the interpretations of the regulations upon which the alleged violations are based are lawful, Westar was not given fair notice by the applicable regulations. The interpretations were not accomplished by valid rulemaking as required by the Administrative Procedure Act, 5 U.S.C. §§ 551-553, and section 307(d) of the CAA, 42 U.S.C. § 7607(d), were not published in the Federal Register, and are not binding on Westar under 44 U.S.C. § 1507.

**SEVENTH DEFENSE**

Westar's maintenance, repair and replacement activities have been conducted in full accord with applicable requirements and are consistent with federal and state law and with EPA and state guidance.

**EIGHTH DEFENSE**

To the extent there have been any significant increases in emissions of regulated pollutants following the Jeffrey projects identified in the Complaint, the increases resulted from

increases in demand or load or for other reasons independent of the activities identified by Plaintiff in its Complaint.

## NINTH DEFENSE

Plaintiff has not proven that the activities alleged in the Complaint to be modifications involved "physical change[s]" or "change[s] in the method of operation" at the Jeffrey Energy Center.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to carry its burden of proving that the activities cited in the Complaint resulted in a significant net increase in emissions of $NO_x$, $SO_2$, PM, and/or $PM_{10}$ for Westar's Jeffrey Units.

## ELEVENTH DEFENSE

Westar has fully complied with the Kansas State Implementation Plant, which EPA has approved.

## TWELFTH DEFENSE

The activities alleged in the Complaint to be modifications were routine maintenance, repair or replacement projects and therefore excluded from any PSD permitting requirement.

## THIRTEENTH DEFENSE

Plaintiff's claims for equitable relief are contrary to the public interest.

## FOURTEENTH DEFENSE

The Court is without jurisdiction to award Plaintiff the relief requested.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Westar Energy, Inc. respectfully asks that the Court:

A. Dismiss Plaintiff's Complaint, with prejudice, for the reasons set forth in Westar's Answer;

B. Award Westar its costs of litigation, including reasonable attorneys' and expert fees, pursuant to 42 U.S.C. § 7413(b); and

C. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 20th day of April, 2009.

By: s/ *Daniel D. Crabtree*
Daniel D. Crabtree, KS Bar #10903
**STINSON MORRISON HECKER LLP**
10975 Benson, Suite 550
12 Corporate Woods
Overland Park, Kansas  66210
Telephone (913) 451-8600
Facsimile (913) 451-6352
dcrabtree@stinson.com

Nash E. Long, III (NC State Bar # 24385)*
**HUNTON & WILLIAMS LLP**
Bank of America Plaza
101 South Tryon Street, Suite 3500
Charlotte, North Carolina  28280
Telephone (704) 378-4700
nlong@hunton.com

John M. Holloway, III (D.C. Bar # 494459)*
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone (202) 955-1500
jholloway@hunton.com

Admitted *Pro Hac Vice*

*Attorneys for Defendant*
*Westar Energy, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, April 20, 2009, the foregoing was electronically filed with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Zimmerman
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
David.Zimmerman@usdoj.gov


Dana M. Skelley
U.S. Environmental Protection Agency,
Associate Regional Counsel
901 N. Fifth Street
Kansas City, KS 66101
skelley.dana@epa.gov

Jeffrey A. Kodish
U. S. Environmental Protection Agency -- Denver
1595 Wynkoop Street (8MSU)
Denver , CO 80202
kodish.jeff@epa.gov

Mark C. Elmer
U. S. Department of Justice - ENRD Denver
Environmental Enforcement Section
1961 Stout St.
Denver , CO 80294
Mark.Elmer@usdoj.gov


                                                 s/ *Daniel D. Crabtree*
                                                 ATTORNEY FOR DEFENDANT

Case 2:09-cv-02059-JAR-DJW   Document 13   Filed 04/20/09   Page 12 of 12