UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA § § Plaintiff, § § STATE OF KANSAS § § Plaintiff-Intervenor, § § v. § § WESTAR ENERGY, INC. § § Defendant. § | Civil Action No. 09-CV-2059 JAR/DJW |

**MEMORANDUM IN SUPPORT STATE OF KANSAS' UNOPPOSED MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

Movant, the State of Kansas, through the Kansas Department of Health and Environment (KDHE), submits this memorandum in support of its Unopposed Motion to Intervene filed contemporaneously. The State of Kansas seeks to intervene to protect its interests in the matters at issue in this case as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) or alternatively seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b).

### I. Introduction

Plaintiff, the United States of America, has filed a civil action against Westar Energy, Inc. ("Westar") pursuant to Sections 113(b) and 167 of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7413(b) and 7477, for alleged violations of the Prevention of Significant Deterioration ("PSD") provision of the Act, 42 U.S.C. §§ 7470-7492, Title V of the Act, 42 U.S.C. §§ 7661-7661f, and the State Implementation Plan ("SIP") adopted by the State of Kansas and approved by the United States Environmental Protection Agency ("EPA") pursuant to Section 110 of the Act, 42 U.S.C. § 7410 at Westar's

Jeffrey Energy Center located in St. Marys, Kansas. Plaintiff seeks an injunction ordering Westar to comply with the Act, the laws and regulations promulgated thereunder, and the SIP, and civil penalties for Westar's past and ongoing violations at the Jeffrey Energy Center.

The State of Kansas seeks to intervene as a Plaintiff to protect its interests in the matters at issue in this case pursuant to Fed. R. Civ. P. 24(a)(2) or alternatively seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b) related to Plaintiff's allegations against Westar. The State's allegations are set forth in its proposed Complaint, submitted contemporaneously herewith.

## II.  Discussion and Argument

### A.  The State of Kansas is Entitled to Intervene as a Matter of Right.

The State of Kansas may intervene as a plaintiff in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that,

> On timely motion, the court must permit anyone to intervene who
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A movant may intervene as a matter of right if: (1) its motion is timely filed; (2) the movant claims an interest in the transaction which is the subject of the civil action; (3) the movant's interest may, as a practical matter, be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *See San Juan County v. United States*, 503 F.3d 1163, 1199-1207 (10th Cir. 2007); *see also Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001.). In addition, the Court of Appeals for the Tenth Circuit generally follows a liberal view in allowing intervention

under Rule 24(a). *Sears Roebuck and Co. v. IP of A Salina Central Mall, LLC*, 2009 WL 1664614 (D. Kan. June 15, 2009); citing *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir.2005).

1. **The State of Kansas' Motion is Timely Filed.**

In determining whether a motion to intervene is timely filed, the Court evaluates the motion "in light of all the circumstances, including the length of time since the [movant] knew of [its] interest in this case, prejudice to existing parties, prejudice to the [movant], and the existence of any unusual circumstance." *See Utah Ass'n of Counties*, 255 F.3d at 1250 (citations omitted).

The State of Kansas' motion to intervene is timely because it is being filed before the filing of the Consent Decree in this matter. The State of Kansas is a party to the proposed Consent Decree and is a signatory to the proposed Consent Decree. The parties are not prejudiced by the State of Kansas' intervention, and in fact, agree to such intervention. The State of Kansas' motion to intervene satisfies the timeliness requirement for intervention as of right.

2. **The State of Kansas' Interest Could Be Adversely Affected.**

The Tenth Circuit recently noted that while a "direct, substantial, and legally protectable" interest likely justifies intervention, other interests, including consideration of the practical effect of the litigation on the prospective intervenor may also suffice. *San Juan County*, 503 F.3d at 1194-95; *Sears Roebuck*, 2009 WL 1664614 at \*3.

The Kansas Air Quality Act outlines the KDHE's responsibility for maintaining the quality of air in the State of Kansas and the managerial duties associated with such responsibility. The Kansas Air Quality Act specifically designates the Kansas

Department of Health and Environment as the administrative agency responsible for implementing and enforcing the Kansas Air Quality Act. Kan. Stat. Ann. §§ 65-3003, 65-3005.

The KDHE's interests lie in the achievement and maintenance of air quality for the welfare of the citizens of Kansas. *See id.* In particular, the KDHE has an interest in seeing that its air quality laws and regulations are complied with and enforced. *Id.* The KDHE's regulatory authority and attendant enforcement responsibility may be effected by a decision of this Court in this matter. Further, the State of Kansas is a signatory to the proposed Consent Decree, which resolves alleged air quality violations by the Defendant in the State of Kansas. The State of Kansas' motion to intervene satisfies the interest requirement for intervention as of right.

### 3. The State of Kansas' Interests May Be Impaired Absent Intervention.

To satisfy the "impairment" requirement for intervention of right, the movant need only show that impairment of interests is possible if intervention is denied. *Utah Ass'n of Counties*, 255 F.3d at 1253. The burden to demonstrate an impairment of interest is minimal and a lesser showing of impairment may be required if the movant's interest is strong. *Id.; San Juan County*, 503 F.3d at 1199.

A judgment entered without the State of Kansas could impair its ability to pursue its claims, and thereby protect its interests, in a separate civil action in state court. Further, the Consent Decree negotiated by the parties could be compromised if Kansas is not allowed to intervene in this action. Therefore, the State of Kansas' motion to intervene satisfies the "impairment" requirement for intervention.

### 4. The State of Kansas' Interests Are Not Adequately Represented by Existing Parties.

To satisfy the "inadequate representation" requirement for intervention as of right, the movant need only show that there is a possible divergence of interests between the movant and the other parties. *Utah Ass'n of Counties*, 255 F.3d at 1254. The burden to demonstrate inadequate representation is minimal. *Id.* (citations omitted).

Plaintiff United States seeks enforcement of federal environmental laws. The State of Kansas has an interest in enforcing the Kansas Air Quality Act and its implementing regulations in a manner consisting with KDHE's purpose and policy. The State of Kansas' interest does not mirror Plaintiff's interest and absent intervention, the interests of the State of Kansas my not be adequately represented by the existing parties. Accordingly, the State of Kansas' motion to intervene satisfies the "inadequate representation" requirement for intervention of right.

### B. In the Alternative, Permissive Intervention Should Be Granted to the State of Kansas.

In the alternative, the State of Kansas should be allowed to intervene on a permissive basis pursuant to Fed. R. Civ. P. 24(b) which states in pertinent part:

> On timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B). In addition, Rule 24(b)(2) provides:

> **By a Government Officer or Agency.** On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
> (A) a statute or executive order administered by the officer or agency; or
>
> (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2).

The State of Kansas' proposed Complaint, submitted concurrently with this motion, alleges that Defendant violated Kansas air quality statutes and regulations. Kansas' state law claims are based upon the same factual allegations that form the basis of Plaintiff's Complaint. In addition, many of the federal regulations relied upon on Plaintiff's claims have been incorporated by reference into the KDHE's regulations and also partially form the basis of the agency's state claims. Finally, Kansas' motion is being filed shortly before the filing of the Consent Decree in this matter, to which the State of Kansas is a party. Allowing permissive intervention would not unduly delay or prejudice the rights of either the United States or the Defendant who have consented to this requested intervention.

### III. CONCLUSION

Based on the above and foregoing, the State of Kansas respectfully requests that the Court grant its Unopposed Motion to Intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2) and/or in the alternative grant permissive intervention to the state pursuant to Fed. R. Civ. P. 24(b).

Respectfully submitted,

PLAINTIFF-INTERVENOR
STATE OF KANSAS

s/
Yvonne Anderson
Bar Number 12636
Kansas Department of Health and Environment
1000 SW Jackson, Suite 560
Topeka, Kansas 66612-1366
yanderson@kdheks.gov
(785) 296-1334
Fax: 785-296-3607

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/_____
Yvonne Anderson